## HENRY E. HAWKINS vs. MARY M. HAWKINS.

Where an application for temporary alimony was submitted *after* a default for non-appearance set aside, and appearance entered; *held*, that the notice of the application though served by defendant's Solicitor *before* default set aside, and appearance entered, was a good and sufficient notice.

MOTION for temporary alimony, submitted at the August term, 1869, of the Circuit Court for the County of Allegan, in Chancery.

In this action, a bill of complaint was filed by the complainant against the defendant for a divorce, charging her with desertion. The defendant failed to cause her appearance to be entered within the time prescribed by the rules of Court, whereupon an order taking the bill as confessed was duly entered. A motion is now made to vacate the order, to set aside the default and for leave to answer; notice of which, signed by the defendant's solicitor, was served on the complainant's solicitor, July 26th, 1869. Notice was also served at the same time of the intention of the defendant to apply to the Court for an order for temporary alimony, and means to enable her to defend the suit. This latter application is predicated upon a petition, a copy of

which was attached to and served with the notice. The petition, duly verified, showed the indigence of the defendant, and an excuse for her default, and set forth that she had prepared an answer, &c., &c.

The Court permitted the appearance of the defendant to be entered and her answer filed, August 3d.

On the argument of the motion for alimony, August 12th, it was contended among other things, " that, as at the time of the service of the notice, the defendant's appearance had not been entered in the action, the notice was a nullity, and though it purported to be signed by her solititor, it should be treated as if served by a stanger."

*Severens & Burrows*, for Complainant.

*T. R. Sherwood*, for Defendant.

*By the Court*, BROWN, *Judge.*

In this case, rule 61 would require a four days' notice. The notice was served July 26th, while the defendant's appearance was not entered until the 3d of August—the day on which this application was presented to the Court.

The subpœna required the defendant to enter her appearance by a certain day; this she failed to do.

It is a well established rule of equity practice, that a party cannot apply to the Court for *favors* while in contept for a non-compliance with its orders, or when in default for not meeting or complying with the requirements of its writs. This rule, however, never applies where the application is one of strict right. A party has a right to apply to the Court to set aside a default, on proper showing. Such application, and notice thereof, is necessary in order to get into the case. But it is contended that no such necessity exists in relation to any other application, and that as the Court would not grant alimony to the defendant, without her appearance in the case, it would not, for such purpose, recognize the acts of her solicitor, until his appearance had been duly entered; that in fact he was not to be considered her solicitor, so as to bind the opposite

party, until the entry of his appearance, as prescribed by the rules; and that as such appearance was not entered until August third, the notice of this application, served by him July 26th, was a nullity.

The practice in equity proceedings does not accord with this theory. It is the every day practice to embrace in one notice and in one motion, when a party is in default, several things; as, to set aside a default, with leave to enter an appearance, *and file an answer*. A complainant serves his subpœna upon the servant of the defendant. The defendant, believing the service to be irregular, does not enter his appearance, but serves a notice upon the complainant's solicitor, of a motion to set aside the proceedings for irregularity. The Court, without questioning the sufficiency of the notice at the argument, required the defendant to enter a conditional appearance, so that the complainant could proceed if the application should be denied.—2 *Lond. Jurist*, 464. So where a copy of subpœna to appear and answer, is as to the return day and month, served in blank, it is not a good service, and a motion will be entertained to set aside proceedings under it, without requiring the appearance of the defendant to be entered. *Arden vs. Walden*, 1 *Edw. Ch. R.* 631. In the case in 1 *Paige*, 646, an order had been entered to close the proofs. The defendant was in contempt for not paying costs of a former motion, and an attachment was issued, but the costs had not been paid. The defendant nevertheless applied for a commission. The Court granted the motion on condition of his purging his contempt by payment of costs, &c.; and this was done, notwithstanding the party was in contempt *at the time of serving his notice*.

By law, C. L. § 3234, the Court may require the husband to pay any sums necessary to enable the wife to carry on or defend the suit. The statute is silent as to how this application shall be made. The practice has been by petition, notice of which is served on the husband, or his solicitor, if he has retained one.

Suppose the husband file his bill against the wife for divorce, and she, having no means is unable to proceed a single step in her defence: I think, in such a case it would be proper to or-

der the payment of a sum to her immediately, that she might employ a solicitor to defend her. But, in the case before us, there is no question but that the defendant is now in a condition to ask of the Court an order for means to defend her suit; and I do not think it essential that the appearance of her solicitor should have been entered when the notice of this application was served. The motion, however, must be denied, for the reason that the petition served did not set forth sufficient facts to constitute a good defence to the bill.